IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

IDA D.,[1]                          §
                                    §
              Plaintiff,            §
                                    §
v.                                  §        Civil Action No. 1:21-CV-00206-BU
                                    §
KILOLO KIJAKAZI                     §
Acting Commissioner of Social Security   §
              Defendant.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ida D., seeks judicial review of a final adverse decision of the Commissioner of Social Security (Commissioner) under 42 U.S.C. § 405(g). Dkt. No. 1. United States District Judge Wesley Hendrix referred this case to the undersigned with a designation to exercise the district court's full jurisdiction and conduct all proceedings in this case upon the consent of the parties. *See* Dkt. No. 7. Because the parties have not consented to proceed before a magistrate judge, the undersigned submits these Findings, Conclusions, and Recommendation.

For the reasons explained below, the undersigned recommends that the Court affirm the Commissioner's decision.

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

## I.    BACKGROUND

Plaintiff alleges that her disability began on March 15, 2016. *See* Administrative Record, Dkt. No. 14-1 (Tr.) 14. Plaintiff initially filed application under Title II for both a period of disability and disability insurance benefits. Tr. 14. Plaintiff also filed an application under Title XVI for supplemental security income. Tr. 14. Both applications were denied initially on February 20, 2020, and then again upon reconsideration on April 3, 2020. Tr. 14. Plaintiff then requested a hearing in front of an Administrative Law Judge (ALJ). Tr. 14. Due to COVID, the ALJ held a telephonic hearing on January 5, 2021. Tr. 14. Plaintiff and her attorney appeared at the hearing along with an impartial vocational expert (VE) who offered testimony. Tr. 14.

At the time of the hearing, Plaintiff was 54 years old. Tr. 14; 430. Plaintiff has an eleventh-grade education and did not obtain her GED. Tr. 48. Her past work experience is as a houseworker. Tr. 30.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. Tr. 32. At step one of the analysis,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 15, 2016. Tr. 17. At step two, the ALJ found that Plaintiff has the following impairments: fibromyalgia, obesity, hypertension, and prediabetes/diabetes mellitus. Tr. 18. At step three, the ALJ determined that none of the impairments or combination of impairments met or equaled the severity of one of the impairments listed in the Social Security regulations. Tr. 18.

---

[2] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

Also at step three, the ALJ found that Plaintiff "has the residual functional capacity to perform light work…except she can occasionally climb ramps and stairs; she cannot climb ladders, ropes, or scaffolds; and she can occasionally balance, stoop, kneel, crouch, and crawl." Tr. 18–19. At step four, the ALJ concluded that Plaintiff was unable to perform any of her past work. Tr. 30.

Finally, at step five, the ALJ considered Plaintiff's age, education, past work experience, and residual functional capacity (RFC), in conjunction with the testimony of a VE in finding that work existed in the national economy that Plaintiff could perform. Tr. 30. The VE testified that Plaintiff could perform the jobs of mail clerk, marker, and furniture rental clerk. Tr. 31. As a result, the ALJ found that although Plaintiff could not perform the full range of light work, that based on her "age, education, and transferable work skills, as well as her ability to perform unskilled work," a finding of 'not disabled' is appropriate.'" Tr. 32.

Plaintiff appealed the ALJ's decision to the Appeals Council. The Council affirmed. Plaintiff then timely filed this action in federal district court.

## II.    LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S.C § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that they are disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant

from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520 (2017); *see also Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies their initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

## III.    DISCUSSION

Plaintiff challenges the ALJ's decision on one ground: that the ALJ did not properly evaluate the medical opinion of Dr. Haritha Bellam. Dkt. No. 18 at 7. Plaintiff states that the Code of Federal Regulations requires an ALJ to properly explain how the factors of supportability and consistency were considered in rejecting a medical source's opinion. *Id.* at 8–9. Plaintiff argues that the ALJ in this case did not properly explain how supportability and consistency factored into her conclusion that Dr. Bellam's opinion was unpersuasive. *Id.* at 7–9.

In support of this argument, Plaintiff briefly discusses the ways in which Dr. Bellam's opinion was "consistent with her own examination findings." *Id.* at 8. Plaintiff

argues that Dr. Bellam's physical exams match up to the Dr. Bellam's diagnoses of diffuse joint pain, osteoarthritis, and fibromyalgia. *Id.* at 8–9.

In response, the Commissioner discusses how supportability and consistency were properly analyzed in the ALJ's decision. The Commissioner argues that the ALJ "properly considered the supportability of Dr. Bellam's opinion in finding it not persuasive" and then references the ALJ's entire discussion on Dr. Bellam to substantiate his argument. Dkt. No. 19 at 4–5. The Commissioner further claims that because Plaintiff's initial brief does not analyze how the ALJ's decision failed to discuss supportability, Plaintiff "has waived her argument in this regard." *Id.* at 5.

The Commissioner goes on to argue that the ALJ sufficiently explained how the record and evidence in the case is not consistent with Dr. Bellam's opinion. The Commissioner first points to how the ALJ stated that Dr. Bellam's limitations were not consistent with Plaintiff's care of her grandchildren. *Id.* at 6. Commissioner goes on to discuss how the ALJ explains that Plaintiff's objective medical exams showed tender points on certain joint muscles, but "they also showed mostly normal exam findings otherwise." *Id.* at 7. The Commissioner also points to the ALJ's agreement with state agency medical consultants regarding most of Plaintiff's limitations which were not entirely consistent with Dr. Bellam's limitations. *Id.* at 7–8.

The Commissioner argues that Plaintiff relies "on isolated diagnostic imaging results and exam findings" from Dr. Bellam rather than "the weight of the evidence." *Id.* at 8. According to the Commissioner, Plaintiff is "pushing her own interpretation of [the] evidence" which essentially asks the Court to improperly reweigh the evidence in this case.

*Id.* at 9. The Commissioner concludes by stating that "the ALJ utilized the proper legal standards and identified substantial evidence in support of her RFC finding and in her evaluation of Dr. Bellam's opinion." *Id.* at 9–10.

In Plaintiff's reply, she reiterates that the ALJ "did not properly articulate the level of 'supportability' and 'consistency' as the regulations direct." Dkt. No. 20 at 1. Again, Plaintiff discusses how Dr. Bellam's opinion was consistent with the record. *Id.* at 2. Specifically, Plaintiff claims that "Dr. Bellam opined that [Plaintiff] cannot perform the standing/walking necessary for light exertional employment" which Plaintiff finds "consistent with the record, which demonstrates fibromyalgia pain throughout [Plaintiff's] entire body." *Id.* at 2.

Plaintiff then makes an additional argument that Dr. Bellam's opinion is more consistent with the record than the other opinions of record. *Id.* Alternatively, she claims that "[a]t minimum, Dr. Bellam's opinion is as consistent and supported as those of the non-examining state agency consultants." *Id.* Because Plaintiff argues that Dr. Bellam's opinion was as persuasive as the state agency consultants' opinions, she claims that under C.F.R. § 404.1520c(b)(3) the ALJ had a duty to explain how she considered other factors listed in the regulation. *Id.* Two of these factors would have included Dr. Bellam being Plaintiff's treating physician, and the length of time that Dr. Bellam treated Plaintiff, factors which Plaintiff presumably believes would have weighed in favor of finding Dr. Bellam's opinion persuasive. *Id.*

An ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Garcia v. Berryhill*, 880 F.3d 700 706, n.7 (5th Cir. 2018) (quoting

*Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). However, an ALJ must consider a number of factors and provide an explanation for rejecting a medical opinion. *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021) ("For claims filed after March 27, 2017, an ALJ…considers a list of factors in determining what weight, if any, to give a medical opinion."). The most important factors for the ALJ to consider are whether an opinion "is based on 'objective medical evidence and supporting explanations,'" and is consistent with "other medical and nonmedical sources" in the record. *Id.* These factors are commonly referred to as supportability and consistency. *See id.* When rejecting a medical source's opinion, an ALJ's explanation should show consideration of these two factors. *Id.*

"There is little authority discussing what an ALJ must do to adequately 'explain' supportability and consistency" nor have courts found that "magic words or [a] specific amount of explanation [is] required." *Hubbard v. Comm'r of Soc. Sec.*, No. 4:20-CV-00588-BP, 2022 WL 196297 at * 3 (N.D. Tex. Jan. 21, 2022) (quoting *Moore v. Saul*, No. 3:20-cv-48-DPJ-MTP, 2021 WL 754833, n.1 (S.D. Miss. Feb. 26, 2021); *Anthony D. v. Comm'r of Soc. Sec.*, No. 3:19-cv-2900-X-BK, 2021 WL 9315235, at *5 (N.D. Tex. Aug. 25, 2021). However, the ALJ's discussion on supportability and consistency must be ample enough "to permit meaningful judicial review." *Lara v. Kijakazi*, No. 3:21-cv-1032-L-BH, 2022 WL 4486085, at *13 (N.D. Tex. 2022) (quoting Dominick v. Kijakazi, No. 3:20-CV-03473-E-BT, 2022WL 2874705, at *4 (N.D. Tex. May 12, 2022)) *report and recommendation adopted*, No. 3:21-CV-1032-L-BH, (N.D. Tex. Sept. 27, 2022). When the ALJ's "decision reflects consideration of these two factors as well as a review and analysis of the objective record," this is generally deemed sufficient. *Lara*, 2022 WL 4486085, at

*13; *See also Ray v. Comm'r of Soc. Sec.*, No. 4:21-cv-1709, 2022 WL 3566844, at *4 (S.D. Tex. 2022) (finding that "although the ALJ did not specify which pieces of evidence in the record and evidence at the hearing [the doctor's] opinion is inconsistent with, the ALJ outlined in detail Plaintiff's testimony, his reported daily activities, and his medical records before evaluating the medical opinions.").

Here, Dr. Bellam found that Plaintiff was limited to:

standing/walking for less than 1 hour in an 8-hour workday, sitting for 6 hours in an 8-hour workday, requiring a sit-stand option at will, requiring the option to lie down or recline throughout the workday, rarely pushing/pulling with the bilateral upper extremities, rarely climbing ladders, ropes, or scaffolds, stooping, kneeling, crouching, or crawling, and that [Plaintiff] would be off-task more than 25 percent of the workday, and would be absent from work more than 4 times per month.

Dkt. No. 18 at 8; Tr. 668–672.

In rejecting Dr. Bellam's opinion, the ALJ found that "many of her opinions are not supported by her objective findings." Tr. 29. The ALJ goes on to provide examples that she believes supports this assertion.[3] The ALJ points out that while Dr. Bellam found limitations related to Plaintiff's ability to pay attention and concentrate, she failed to document "any deficits as to attention and concentration due to pain or any other symptom, despite her opinions." Tr. 29. The ALJ also found that there was no documentation

---

[3] The ALJ provides the following example: "At her initial visit with Dr. Bellam in May 2018, the claimant had swelling and tenderness in her left ankle. Thereafter, the left ankle was negative. It has good range of motion." The ALJ also mentions that:

[t]here is no documentation of a left knee impairment, despite the allegation of new onset left knee pain. Dr. Bellam found no evidence of a knee abnormality at the examination in October 2020. Furthermore, Dr. Bellam based her limitations, in part, on an xray of the lumbar spine and on x-rays of the bilateral feet. However, the claimant has only mild degenerative changes in her feet and in her lumbar spine.

Tr. 29.

regarding a left knee impairment or limitations to the use of foot controls despite Dr. Bellam's findings. Tr. 29.

Ultimately, the ALJ states that Plaintiff's "physical examinations do not support the significant limitations Dr. Bellam has assessed as to standing and waking" nor did they support the need for Plaintiff to lie down, recline, or limitations related to reaching, handling, fingering, feeling, pushing, or pulling. Tr. 29. Importantly, the ALJ also found that "Dr. Bellam's limitations are wholly inconsistent with repeated acknowledgements that the claimant works 40 hours per week, taking care of and raising her four small grandchildren." Tr. 29. For these reasons, the ALJ found Dr. Bellam's opinions unsupported "by her objective findings, and…not consistent with other evidence in the record." Tr. 29.

The ALJ's explanation for rejecting Dr. Bellam's opinion shows that she considered both supportability and consistency. Plaintiff pointing out that Dr. Bellam's opinion is consistent with her own exam findings does not show that the ALJ "failed to properly evaluate the medical opinion evidence" from Dr. Bellam. *See* Dkt. No. 18 at 7–9. Plaintiff does not point to anything in the ALJ's opinion that would support the idea that the ALJ's explanation was not in accordance with the cited regulation. *Id.* at 7–9. And it is not the Court's job to consider whether Dr. Bellam's findings were consistent or supported by the rest of the record—this would amount to the Court erroneously reweighing the evidence. *Harris*, 209 F.3d at 417 (stating that in applying the substantial evidence standard the Court "may not re-weigh the evidence or substitute [its own] judgement for that of the Commissioner"). Rather, the Court must be satisfied that the ALJ performed her duty and

adequately showed that she considered supportability and consistency in finding Dr. Bellam's opinion unpersuasive.

The ALJ concludes that Dr. Bellam's opinions "are not supported by her objective findings, and they are not consistent with other evidence in the record." Tr. 29. This alone may have been enough for the Court to find that the ALJ properly considered the factors of supportability and consistency. But the ALJ goes far beyond this and includes an 8-page analysis of record evidence considered in making her RFC determination before rejecting Dr. Bellam's opinion, and she then includes a 23-sentence discussion of why she finds the doctor's opinion unpersuasive. Tr. 19–29.

This explanation outlines specific examples of how the doctor's findings lack support from her own examinations and the record. Tr. 29. The ALJ also explains that the doctor's limitations are not consistent with Plaintiff's acknowledgements that she spends "40 hours per week, taking care of and raising her four small grandchildren." Tr. 29. This explanation shows that the ALJ gave consideration to supportability and consistency "as well as [giving a] review and analysis of the objective record." *See Lara*, 2022 WL 4486085, at *13. Thus, the ALJ satisfied the requirements set out in C.F.R § 404.1520c.

The argument set forth in Plaintiff's reply, that the ALJ had a duty to discuss additional factors because Dr. Bellam's opinion was at least as persuasive as the state agency consultants, also fails. Plaintiff bases this argument on C.F.R § 404.1520c(b)(3), but this regulation is only implicated when the ALJ themselves find that two or more medical opinions are equally persuasive. *See* 20 C.F.R. § 404.1520C(b)(3); *see also Wallace v. Comm'r of Soc. Sec.*, No. 5:18-CV-128-CMC, 2020 WL 13556678, at *13 (E.D.

Tex. Feb. 18, 2020) ("Where the ALJ found two or more medical opinions to be equally well supported and consistent with the record…the ALJ must articulate how he or she considered those contained in paragraphs (c)(3) through (c)(5)."); *Keller v. Comm'r of Social Security*, SA-20-CV-01171, 2021 WL 4739502, at *6 (W.D. Tex. Oct. 8, 2021) (finding that regulation 404.1520c(b)(3) "is only triggered where the ALJ himself finds that two or more opinions are in equipoise."). A plaintiff cannot independently conclude that a doctor's opinion was as persuasive as another medical professionals and then trigger the ALJ's duty to explain other factors.

The ALJ did not make any finding that the state agency medical consultants and Dr. Bellam had opinions equally supported and consistent with the record. Instead, the ALJ concluded that the state agency medical consultants' opinions were "not fully persuasive" because, although they correctly restricted Plaintiff to light work, Plaintiff had "additional nonexertional limitations." Tr. 28. And then the ALJ concluded that the opinions of Nurse Berry and Dr. Bellam were not persuasive. Tr. 28–29. Therefore, the ALJ had no duty to discuss any additional factors beyond supportability and consistency.

For the reasons stated above, the ALJ did not commit legal error in her explanation as to why Dr. Bellam's opinion was unpersuasive.[4]

---

[4] Commissioner's briefing seems to suggest that Plaintiff makes a substantial evidence argument. Dkt. No. 19 at 9–10. The Court construes Plaintiff's argument that the ALJ failed to properly explain supportability and consistency in rejecting Dr. Bellam's opinion as one of legal error. However, to the extent that Plaintiff desired to make an argument that in improperly rejecting Dr. Bellam's opinion the ALJ's RFC was not supported, this would also fail. "A finding of no substantial evidence is appropriate only if no credible evidentiary choices…support the decision." *Harris*, 209 F.3d at 417. The ALJ references the medical records, the opinion of state agency consultants, and Plaintiff's own testimony in making her RFC finding, and it was therefore supported by substantial evidence. Tr. at 19–29.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the decision of the ALJ be AFFIRMED. Because all parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to REASSIGN this case to United States District Judge James Wesley Hendrix in accordance with normal procedures.

## V.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 8th day of November, 2022.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE