UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| IDA D.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 1:21-CV-206-H-BU |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

United States Magistrate Judge John R. Parker made Findings, Conclusions, and a Recommendation (FCR) regarding the final adverse decision of the Commissioner of Social Security on November 8, 2022. Dkt. No. 21. Judge Parker recommended that the Court affirm the Commissioner's decision. *Id.* at 13. The plaintiff filed an objection to the FCR. Dkt. No. 22. For the reasons stated below, the Court accepts and adopts the FCR. The Court affirms the final adverse decision of the Commissioner and dismisses this case.

**1.    Factual and Procedural Background**

On August 8, 2019, the plaintiff filed an application for a period of disability and disability-insurance benefits. Dkt. No. 14-1 at 14. The same day, the plaintiff filed an application for supplemental security income. *Id.* Both applications alleged disability beginning on January 15, 2015. *Id.* The alleged disability-onset date was later amended by the plaintiff to March 15, 2016. *Id.* The claims were initially denied on February 20, 2020,

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, the plaintiff is identified only by first name and last initial.

and again upon reconsideration on April 3, 2020. *Id.* The plaintiff requested a hearing with an ALJ, which occurred telephonically on January 5, 2021, with the plaintiff, her attorney, and an impartial vocational expert all in attendance. *Id.*

At the time of the hearing, the plaintiff was 54 years old, had an eleventh-grade education, and had not obtained her GED. *Id.* at 44. The plaintiff worked for a number of years as a houseworker and caregiver. *Id.* at 59.

The ALJ concluded that the plaintiff was not disabled and therefore not entitled to disability benefits. *Id.* at 32. The ALJ performed the requisite five-step analysis—examining whether (1) the plaintiff is presently working, (2) the plaintiff has a severe impairment, (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations, (4) the impairment prevents the plaintiff from doing past relevant work, and (5) the impairment prevents the plaintiff from doing any other substantial gainful activity. *Id.* at 17–32; *see also* 20 C.F.R. § 404.1520 (2017).

At step one, the ALJ found that the plaintiff is not presently working and had not engaged in substantial gainful activity since March 15, 2016. Dkt. No. 14-1 at 17. At step two, the ALJ found the plaintiff has severe impairments of fibromyalgia, obesity, hypertension, and prediabetes/diabetes mellitus. *Id.* at 18. The ALJ next found that the plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. *Id.* The ALJ next determined the plaintiff's residual function capacity as: light work, except "she can occasionally climb ramps and stairs; she cannot climb ladders, ropes, or scaffolds; and she can occasionally balance, stoop, kneel, crouch, and crawl." *Id.* at 18–19. At step four, the ALJ found that the plaintiff is unable to perform any past relevant work. *Id.* at 30. Finally,

the ALJ determined the plaintiff could perform work existing in significant numbers in the national economy, including as a mail clerk, marker,[2] and furniture rental clerk. *Id.* at 30–31.

Based on the plaintiff's "age, education, and transferrable work skills, as well as her ability to perform unskilled work," the ALJ determined that a finding of not disabled was appropriate. *Id.* at 32. Therefore, the ALJ denied the plaintiff's applications for a period of disability and disability-insurance benefits and for supplemental security income. *Id.* at 33.

The plaintiff appealed the Commissioner's decision to this Court, arguing the ALJ erred by improperly evaluating the medical-opinion evidence from the plaintiff's rheumatologist Haritha Bellam, M.D. Dkt. No. 1; Dkt. No. 18. Pursuant to Special Order 3-251, the case was referred to Magistrate Judge Parker. In her briefing, the plaintiff argued that the ALJ improperly evaluated Dr. Bellam's opinion for various reasons, including that the ALJ, in the plaintiff's view, did not adequately articulate how supportability and consistency factored into her conclusion that Dr. Bellam's opinion was unpersuasive. Dkt. No. 18 at 7–9. Judge Parker issued an FCR recommending affirmance of the Commissioner's decision. Dkt. No. 21. The plaintiff filed an objection, narrowing her arguments to assert that the ALJ only erred by failing to comply with 20 C.F.R. § 404.1520c(b)(3). Dkt. No. 22.

---

[2] "[A]ccording to the DOT, [a marker] stamps samples, letters or tags packages, boxes or lost merchandise that indicate delivery routes and they also read addresses on articles and determine the route, standard chart." Dkt. No. 14-1 at 65–66.

2.  **Legal Standards**

    A.  **Standard of Review for Each Basis of Challenge**

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1). All uncontested portions of the FCR are reviewed only for plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). Therefore, the Court reviews de novo the portion of the FCR addressing § 404.1520c. The rest of the FCR is reviewed for plain error.

   B.  **ALJ Disability Determinations and De Novo Review**

In evaluating a disability claim, an ALJ performs the previously mentioned five-step analysis. *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see* 20 C.F.R. § 404.1520. "The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In reviewing de novo an eligibility determination, "[a] court will reverse the ALJ's decision as not supported by substantial evidence if the claimant shows that (1) the ALJ failed to fulfill his duty to develop the record adequately and (2) that failure prejudiced the plaintiff." *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)). "To establish prejudice, a claimant must show that he 'could and would have adduced evidence that might have altered the result.'" *Brock*, 84 F.3d at 728 (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)).

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the

proper legal standards were applied to evaluate the evidence. 42 U.S.C. § 405(g); *see also Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripely v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). An important aspect of the ALJ's duty to apply the proper legal standards is the requirement that the ALJ adequately explain her decision, including articulating her consideration of medical-opinion evidence. For claims filed on or after March 27, 2017, the ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a). The ALJ instead reviews each opinion with a clean slate, considering five factors: (1) supportability, (2) consistency, (3) relationship with the plaintiff, (4) specialization, and (5) other factors, such as familiarity with the other evidence in the claim or an understanding of disability policies and evidentiary requirements. *Id.* at § 404.1520c(a), (c); *see also Linda H. v. Comm'r of Soc. Sec.*, No. 5:22-CV-006-H-BR, 2022 WL 16726201, at *3 (N.D. Tex. Aug. 26, 2022).

Under § 404.1520c(b)(2), the ALJ must "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions . . . . [The ALJ] may, but [is] not required to, explain how [she] considered" the final factors: relationship with the plaintiff, specialization, and other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(b)(2). However, "when [the ALJ] find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ] will articulate how [she] considered the" other factors listed above. *Id.* at § 404.1520c(b)(3).

A court's review of an ALJ's decision is deferential. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court "may not reweigh the evidence in the record, nor try the

issues de novo, nor substitute [its] judgment for that of the [ALJ], even if the evidence preponderates against the [ALJ's] decision." *Id.* (quoting *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988)). "Conflicts in the evidence are for the [ALJ] and not the courts to resolve." *Id.* (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

**3.    Analysis**

The plaintiff argues that the ALJ erred by improperly evaluating the medical-opinion evidence from rheumatologist Haritha Bellam, M.D. Dkt. No. 22 at 1. The plaintiff makes only one argument in her objection: Because Dr. Bellam's opinion is, in the plaintiff's view, "at least as consistent and supported as those of the non-examining state agency consultants," this triggers the ALJ's duty to articulate several additional factors under § 404.1520c(b)(3). This argument is flawed for two reasons. First, the plaintiff incorrectly assumes that the ALJ failed to consider these additional factors. She did. Second, and contrary to the plaintiff's misunderstanding of the law, the ALJ's burden to consider additional factors is only triggered when the ALJ herself finds two medical opinions to be equally well supported and consistent with the record.

The plaintiff's argument rests on a false premise because the ALJ did consider the other three (c)(b)(3) factors. When setting out the relevant standards for consideration of medical-opinion evidence, the ALJ stated:

> Other factors to consider are the relationship with the claimant, such as length of treatment relationship, frequency of examinations, the purpose of the treatment received from the medical source (which may help demonstrate the level of knowledge the medical source has of the claimant's impairments), the extent of the treatment relationship (the kinds and extent of examinations and testing the medical source performed or ordered from specialists or independent laboratories), and examining relationship.

Dkt. No. 14-1 at 28. And in considering Dr. Bellam's opinion, the ALJ first notes "Dr.

Bellam is a specialist in rheumatology." *Id.* She additionally considered the treatment relationship and frequency of examinations, noting that Dr. Bellam "examined the claimant at regular intervals, but only since May 2018, more than two years after the alleged onset date." *Id.* If there are no "other factors" under § 404.1520c(c)(5), then the only other factors that require articulation under § 404.1520c(b)(3) are the relationship with the claimant and the specialization. The plaintiff has failed to brief why the ALJ's explanation of her consideration of these factors does not meet the standard set out in § 404.1520c(c). Even if she had, the Court believes the ALJ likely satisfied that standard because she explicitly considered Dr. Bellam's degree of specialization and her treatment relationship with the plaintiff.

In any event, the plaintiff is wrong in saying the ALJ needed to articulate her consideration of these additional factors. The Court begins, as always, with the plain text of the regulation. The subsection is entitled: "Equally persuasive medical opinions or prior administrative medical findings about the same issue." The text reads:

> When we find that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported (paragraph (c)(1) of this section) and consistent with the record (paragraph (c)(2) of this section) but are not exactly the same, we will articulate how we considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section for those medical opinions or prior administrative medical findings in your determination or decision.

20 C.F.R. § 404.1520c(b)(3). The key language here—"[w]hen we find"—refers to the ALJ. This commonsense reading is consistent with the statutory structure. *See generally* 20 C.F.R. § 404.1520c ("How *we* consider medical opinions . . . . *We* will not defer or give any specific evidentiary weight . . . . How *we* articulate our consideration of medical opinions . . . . *We* will articulate in our determination.") (emphasis added). Thus, the plain language of the

regulation clearly states that it is the ALJ who determines whether two opinions are equally well-supported and consistent—not plaintiff's counsel. In pursuit of her objective to have the Court disregard the plain reading of the regulation, the plaintiff cites little authority. And what is cited, the Court finds inapposite and unpersuasive.

The plaintiff begins her argument by cherry-picking language from *Linda H. v. Commissioner*. *See* Dkt. No. 22 at 2 (quoting *Linda H.*, 2022 WL 16726201, at *3); *see also* Dkt. No. 1. The plaintiff writes: "Contrary to the Magistrate [Judge]'s assertion, [t]he other three factors must be articulated, however, if there are two or more medical opinions or prior administrative medical findings about the same issue [that] are both equally well-supported . . . and consistent with the record . . . but are not exactly the same[.]" Dkt. No. 22 at 2 (internal citations omitted) (alterations and omissions in original). This black-letter law, found in 20 C.F.R. § 404.1520c(b)(3), is not in dispute. And the Court struggles to see how this quoted language from *Linda H.* can be fairly interpreted as being "[c]ontrary to the Magistrate[] [Judge's] assertion." *See* Dkt. No. 21 at 11–12 (the Magistrate Judge noting that § 404.1520c(b)(3), while only implicated by an ALJ's finding, does impose "a duty to discuss additional factors").

In any event, *Linda H.* is inapposite. In that case, the plaintiff relied on *Turner-Clewis*, a case in which the ALJ articulated each of the five factors. *See Turner-Clewis v. Saul*, No. 4:20-CV-372-A, 2021 WL 2302770, at *6 (N.D. Tex. May 19, 2021). But the Magistrate Judge in *Linda H.* correctly recognized that the ALJ did not need to articulate the additional factors, stating that "[w]hile it is true that the ALJ in *Turner-Clewis* chose to address each of the five factors, they were not obligated to and neither was the ALJ in this case." *Linda H.*, 2022 WL 16726201, at *4. Thus, while the quote on which the plaintiff relies—which is

merely a recitation of the regulatory language—is represented to be authority that rebuts the "assertion" of the Magistrate Judge, it is simply the text of the regulation. And the case in no way stands for the proposition that the ALJ here was required to articulate the final three factors.

Outside of this quote from *Linda H.*, the plaintiff provides only one other case citation—without any argument—to support her objection. Dkt. No. 22 at 2; *see also* Dkt. No. 20 at 2 (raising this point for the first time in the reply brief but providing no argument or authority). That case is *Ramos ex rel. Wendy Carol M. v. Comm'r of Soc. Sec.*, No. 2:20-CV-202-Z-BR, 2021 WL 8014665, at *3 (N.D. Tex. Oct. 19, 2021). Again, the plaintiff neither provides argument nor identifies any relevant language from this case. Dkt. No. 22 at 2. This case, too, is helpful to the plaintiff only in that it recites the regulatory language: "The other three factors must be articulated, however, if there are 'two or more medical opinions or prior administrative medical findings about the same issue [that] are both equally well-supported . . . and consistent with the record . . . but are not exactly the same[.]'" *Ramos*, 2021 WL 8014665, at *3. Again, this principle of law is not in dispute. What the plaintiff has failed to do—both in her reply brief and in her objection to the FCR—is provide argument or authority on whether the obligation to articulate the additional factors is triggered by the ALJ's determination or the plaintiff's.

A review of the relevant authority reveals that it is the ALJ who triggers the duty to explain the additional factors. *Wallace v. Comm'r of Soc. Sec.*, No. 5:18-CV-128-CMC, 2020 WL 13556678, at *13 (E.D. Tex. Feb. 18, 2020) ("Where the ALJ has found two or more medical opinions to be equally well supported and consistent with the record . . . the ALJ must articulate how he or she considered those contained in paragraphs (c)(3) through

(c)(5)."); *Keller v. Comm'r of Social Security*, SA-20-CV-01171, 2021 WL 4739502, at *6 (W.D. Tex. Oct. 8, 2021) (finding that regulation 404.1520c(b)(3) "is only triggered where the ALJ himself finds that two or more opinions are in equipoise").  As the Magistrate Judge aptly stated, "[a] plaintiff cannot independently conclude that a doctor's opinion was as persuasive as another medical professionals and then trigger the ALJ's duty to explain other factors." Dkt. No. 21 at 12.

Here, the ALJ made no finding that Dr. Bellam's opinion was equally supported by and consistent with the record.  To the contrary, the ALJ found that "Dr. Bellam's opinions are not persuasive." Dkt. No. 14-1 at 29.  Over a thorough, 23-sentence discussion, the ALJ explained that Dr. Bellam's opinions were not equally supported because many of her opinions "are not supported by her objective findings." *Id.*  And the ALJ further explained that Dr. Bellam's opinions were inconsistent with her own medical findings and with other record evidence.  *Id.*

In sum, the ALJ did not need to explain the other three factors because that duty is only triggered when the ALJ finds that two opinions are equally supported and consistent with the record.  That duty did not trigger here because the ALJ explained in great detail how Dr. Bellam's opinion was not equally supported and consistent with the opinions of the state agency medical consultants.

**4.   Conclusion**

Having reviewed the FCR in light of plaintiff's objection, the Court accepts and adopts the FCR (Dkt. No. 21).  The Court affirms the final adverse decision of the Commissioner, and this case is dismissed.

So ordered on March 13, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE